UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

State of Minnesota,                                   Crim. No. 20-191 (PAM/HB)

          Plaintiff,

v.                                                                **ORDER**

Petro Siruk, and Marina
Yuriyevna Siruk,

          Defendants.

---

This matter is before the Court on Defendants' Applications to Proceed in District Court without Prepaying Fees or Costs (Docket Nos. 2, 3). Defendants purported to consolidate and remove two state-court criminal proceedings to this Court and seek to do so without paying a filing fee. Because the attempted removal was improper on its face, the Applications will be denied as moot and this matter remanded to Minnesota state court.

**BACKGROUND**

According to the documents filed in conjunction with the removal, on August 7, 2020, the State of Minnesota filed a criminal complaint against Defendant Marina Yuriyevna Siruk in Minnesota District Court for the 10th Judicial District, Sherburne County, charging her with two counts of criminal contempt under Minn. Stat. § 588.20.2, both misdemeanors. (Docket No. 1-2 at 14.)[1] A week later, the Sate charged Defendant Petro Siruk by complaint in the same district court with multiple misdemeanors: five

---

[1] The page numbers in this and the following citations to the docket in this matter reference the page numbers of the Court's electronic filing system.

counts of criminal contempt under Minn. Stat. § 588.20.2, obstruction of legal process under Minn. Stat. § 609.50.1, trespass under Minn. Stat. § 609.605.1(b)(3), and disorderly conduct under Minn. Stat. § 609.72.1(3).  (Docket No. 1-2 at 3-5.)  These charges arose out of Defendants' refusal to stop recording the proceedings in a civil matter between Defendant Marina Siruk and Capital One Bank in Sherburne County court.  (Docket No. 1-2 at 15 (Statement of Probable Cause describing the incident).)  On September 4, 2020, Defendants removed their criminal proceedings to this Court, invoking 28 U.S.C. §§ 1332, 1441, 1446 "and inline to actions brought under 42 U.S.C. § 1983."  (Docket No. 1 at 1.)

**DISCUSSION**

Removal of state criminal proceedings is governed by 28 U.S.C. § 1455.  This statute provides that the "district court in which [the removal] notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1455(b)(4).  It is Defendants' burden to "include all grounds for such removal" in the notice of removal, and "failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds."  Id. § 1455(b)(2).  Because it clearly appears on the face of Defendants' removal notice that this matter should not proceed in federal court, the Court must remand the matter.[2]

---

[2] Section 1455's first requirement is that the matter be removed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1).  It appears as though Defendants were first charged on March 5, 2020. (Docket No. 1-2 at 65 (Petro Siruk's Order for Release on charges of obstruction, trespass, and contempt); see also Mar. 5, 2020, Tr. of Petro Siruk's initial-appearance hrg. (Docket No. 1-3 at 111-26).)  Because Defendants' notice of removal is facially deficient

As noted, Defendants contend that 28 U.S.C. §§ 1332, 1441, and 1446 provide authority for removal of their pending state criminal cases. But § 1332 outlines this Court's jurisdiction based on diversity of citizenship and applies to civil actions, not criminal proceedings. See 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions . . . ."). Moreover, it appears that Defendants are Minnesota residents; even if this matter were a civil action, there would be no diversity of citizenship under § 1332. (See Docket No. 1-2 at 3 (listing Defendant Petro Siruk's address in Becker, Minnesota).) Likewise, § 1441 applies to only civil actions. See 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court . . . may be removed . . . ."). Neither of these sections provides any basis for removal of state criminal cases.

A previous version of § 1446 provided authority for removal of certain criminal prosecutions. See 28 U.S.C. § 1446(a) (effective 1996 to 2011). Since 2011, however, removal of criminal cases is governed by § 1455. Thus, § 1446 provides no authority for the removal Defendants seek.

Even had Defendants relied on § 1455, however, that reliance would be unavailing. Only certain criminal proceedings may be removed from state courts. These include criminal actions against the United States or its officers acting under the color of office, 28 U.S.C. § 1442, or prosecutions in state court "against a member of the armed forces of the United States on account of an act done under color of his office or status" as a member of the armed forces, id. § 1442(a). Defendants do not claim to be, nor is there any indication

---

even if timely, the Court need not resolve the timeliness issue.

3

that they are, officers of the United States or members of the armed forces of the United States.

28 U.S.C. § 1443 also authorizes removal of state criminal proceedings to federal court, and it appears that Defendants' citation to 42 U.S.C. § 1983 as well as the Bill of Rights was intended to invoke this section. But it, too, provides no basis for removal of this action. The section allows for removal of a criminal prosecution in which "the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and "that the removal petitioner is denied or cannot enforce the specified federal [right] in the courts of the State." Johnson v. Miss., 421 U.S. 213, 219 (1975) (quotations omitted).

Defendants do not discuss the requirements of § 1443, but do not appear from the face of their submissions to meet those requirements in any event. There is no allegation that they "are attempting to remove [their] case based on any form of racial inequality or that there is an express state law that prohibits [them] from exercising [their] rights under that civil rights law." United States v. Williams, No. 15cv3239, 2015 WL 6824047, at *2 (D. Minn. Sept. 29, 2015) (R. & R. of Mayeron, M.J.). Defendants' voluminous submissions indicate that they believe the laws of the State of Minnesota do not apply to them. (E.g., Docket No. 1-2 at 40 (Defendant Petro Siruk's "Motion to Discharge," stating "Show me any evidence that your Constitutional and local laws, codes, statues [sic], color of law apply to me . . . .").) They also appear to claim that certain state actors violated their rights to free exercise of religion. (See id. at 58 (Mar. 8, 2020, letter to Sherburne County Court Administrator asserting that Defendants were "exercising our religious beliefs"); see

4

also Docket No. 1-3 at 1-2 ("Notice" citing, inter alia, "Bill of Rights Amendment I" and several Bible verses); id. at 4 (alleging that the state court's "Order Regarding Use of Electronic Devices directly interferes with our exercise of our rights, religious beliefs, safety of our life, liberty, property, pursue [sic] of happiness, and effects, which secured and promised in Bill of Rights").) Nowhere do Defendants claim to have been the victims of racial discrimination. (See id. at 86 (demanding that the state court provide Defendants with a Russian translator).) There is no basis for removal jurisdiction under 28 U.S.C. § 1443.

**CONCLUSION**

Defendants' removal notice is deficient and does not establish any basis to remove their pending state criminal prosecution to federal court. Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendants' Applications to Proceed in District Court without Prepaying Fees or Costs (Docket Nos. 2, 3) are **DENIED as moot**; and
2. This action is **REMANDED** to the Minnesota state district court.

Dated:     September 8, 2020

                                                    *s/Paul A. Magnuson*
                                                   Paul A. Magnuson
                                                   United States District Court Judge